UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMIE GILBERTO CORTES, III )
   PLAINTIFF, )   CASE #: 3:10-CV-517
)
)
v. )
)
)
CREDIT COLLECTION SERVICES, )
INC. )
   DEFENDANT. )   JURY TRIAL DEMANDED
)
)

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and for his Complaint against the Defendant Credit Collection Services, Inc., respectfully says as follows:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Jamie Gilberto Cortes III, an individual consumer, against Defendant, Credit Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

Page 1 of 5

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE.** *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Jamie Gilberto Cortes, III ("Plaintiff") is a natural person and resides in Richmond, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Credit Collection Services, Inc. ("CCS"), is a Massachusetts Corporation, engaged in the business of collecting debt in this Commonwealth with its principal place of business located at 240 Commercial Street, Suite 3A, Boston, Massachusetts 02109.

9. CCS is not registered with the Secretary of the Commonwealth, and CCS may be served at the following: Credit Collection Services, Inc., c/o Robert I. Tatel, President, 240 Commercial Street, Suite 3A, Boston, Massachusetts 02109.

10. The principal business of CCS is the collection of debts.

11. CCS regularly attempts to collect consumer debts alleged due to another.

12. CCS is engaged in the collection of debts from consumers using the mails and telephone.

13. CCS is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

14. Plaintiff incurred a debt with LabCorp (not a party to this case) for personal, household, or family use on or before June 15, 2007, bringing the debt in question within the Fair Debt Collection Practices Act.

15. Upon information and belief, the debt went into default with LabCorp prior to the filing of the Bankruptcy.

16. Upon information and belief, LabCorp assigned the debt to CCS prior to the filing of the Bankruptcy.

17. Plaintiff filed a Joint Chapter 13 Bankruptcy in the Eastern District of Virginia, Richmond Division Bankruptcy Court on October 15, 2005, case number 05-42725-DOT.

18. Plaintiff subsequently converted from Chapter 13 to Chapter 7 on November 17, 2008.

19. Plaintiff received a discharge on February 25, 2009. See Exhibit "A" – Discharge Notice.

20. Plaintiff received a dunning letter from CCS on or about October 19, 2009.

21. Counsel for Plaintiff sent a letter to CCS informing them of his Discharge on or about October 24, 2009. See Exhibit "B" – Notice of Discharge Letter.

22. CCS sent Plaintiff another dunning letter on January 18, 2010. See Exhibit "C" – Dunning Letter.

23. Plaintiff expressed outrage and disappointment regarding the fact that he was lead to believe that his "fresh start" would prevent such harassing letters.

24. Plaintiff incurred attorney's fees in discussing with his attorney the fact that he mistakenly believed that he owed a debt discharged in Bankruptcy.

## COUNT ONE:

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

25. Plaintiff restates and re-alleges all previous paragraphs herein.

26. Defendant has violated the FDCPA, 15 U.S.C. §§ 1692-1692p, in the following manner:

   a. Defendant has violated 15 U.S.C. § 1692c(a)(2), in that it communicated with the Plaintiff after it was notified that Plaintiff had retained counsel.

   b. Defendant has violated 15 U.S.C. § 1692e, in that it used false, deceptive, and misleading representations in connection with the debt collection.

   c. Defendant has violated 15 U.S.C. § 1692e(2), in that it falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, it is discharged in Bankruptcy.

   d. Defendant has violated 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

   e. Defendant has violated 15 U.S.C. § 1692e(10), in that it used a false representation in the collection of a consumer debt or obtained information concerning a consumer, in the collection of a consumer debt.

   f. Defendant has violated 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

   g. Defendant has violated 15 U.S.C. § 1692f(1), in that it collected or attempted to collect an amount other than one authorized by the agreement or permitted by law, in the collection of a consumer debt, as they were not entitled to any funds because it was discharged in Bankruptcy.

Page 4 of 5

27. Plaintiff is entitled to statutory damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE,** the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act for actual damages, statutory damages, attorney fees, and costs.

JAMIE GILBERTO CORTES, III

/s/ Jason M. Krumbein, Esq.

by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone
804.673.4350 fax